# EXHIBIT 1



**RECEIVED**
JAN 2 8 2003
Technology Center 2100

PATENT
ATTORNEY DOCKET NO. 10491-18

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of: | McAuley |
| Serial No.: | 09/410,334    Examiner: John Q. Chavis |
| Filed: | September 1, 1999    Group Art Unit: 2124 |
| Title: | SYSTEM AND METHOD FOR GENERATING WEB SITES IN AN ARBITRARY OBJECT FRAMEWORK |

Commissioner for Patents
Washington, D.C. 20231

**RECEIVED**
JAN 2 8 2003
Technology Center 2100

### AMENDMENT AND RESPONSE TO OFFICE ACTION

Sir:

This amendment is responsive to the Office Action of July 17, 2002.

#### AUTHORIZATION TO DEBIT ACCOUNT

It is not believed that extensions of time or fees for net addition of claims are required beyond those which may otherwise be provided for in documents accompanying this paper. However, in the event that additional extensions of time are necessary to allow consideration of this paper, such extensions are hereby petitioned under 37 C.F.R. §1.136(a), and any fees required therefore (including fees for net addition of claims) are hereby authorized to be charged to Brown Raysman's Deposit Account No. 02-4270.

#### REMARKS REGARDING CHANGE IN CORRESPONDENCE ADDRESS

The present owner of the application was assigned this application by virtue of a purchase of the assets of the former assignee. An Asset Purchase Agreement of November 14, 2001

1

Attorney Docket No.: 10491-18
Serial No. 09/410,334

showing the chain of title together with a new Power of Attorney designating Brown Raysman and its registered agents as the attorney(s) of record will be filed shortly. Brown Raysman's correspondence address is listed below in the signature block.

## AMENDMENTS

### *In The Claims*

Claim 1 has been amended to correct typographical errors in the claims as originally filed. These amendments do not change the scope of the claims and do not add any new matter.

Thus, in accordance with 37 C.F.R. § 1.116, please substitute the following clean copy text of claim 1 for pending claim 1. An annotated version of claim 1 is appended as Appendix A hereto to clearly show changes made.

1. (Once Amended) A method for generating a computer application on a host system in an arbitrary object framework that separates a content of said computer application, a form of said computer application and a functionality of said computer application, said method comprising;

creating arbitrary objects with corresponding arbitrary names of various object types for generating said content of said computer application, said form of said computer application, and said functionality of said computer application;

managing said arbitrary objections in an object library; and

deploying said arbitrary objects from said object library into a design framework to create said computer application.

## REMARKS

This is a full and timely response to the outstanding non-final Office Action mailed July 17, 2002. Reconsideration and allowance of the application and presently pending claims are respectfully requested.

2

Attorney Docket No.: 10491-18
Serial No. 09/410,334

### 1. Present Status of Patent Application

Upon entry of the Response and the amendments made herein, claims 1-53 remain pending in the present application. The Applicant herewith submits remarks specifically responding to the rejections raised by the Examiner in the Office Action.

### 2. Summary of the Rejections

The present Office Action has rejected all pending claims 1-53. Specifically, claims 1-8, 11-18, 20-21, 25-40, 42-44, 47, 50-51 and 53 were rejected under 35 U.S.C. §102(e) as being anticipated by Johnson (U.S. Patent No. 6,052,670), and claims 9-10, 19, 22-24, 41, 45-46, 48-49 and 52 were rejected under 35 U.S.C. §103(a) as being unpatentable over Johnson in view of Gish (U.S. Patent No. 6,269,361).

The Applicant respectfully traverses these rejections and submits the following remarks in support of allowance of the present application.

### 2. Response to Rejections of Claims 1-8, 11-18, 20-21, 25-40, 42-44, 47, 50-51 and 53 under 35 U.S.C. §102(e).

The Office Action asserts that claims 1-8, 11-18, 20-21, 25-40, 42-44, 47, 50-51 and 53 are not patentable under 35 U.S.C. §102(e) over Johnson. The Office Action provides claim charts of the pending claims with side-by-side references to claim elements and the alleged disclosure thereof in Johnson.

Claim 1 in the preamble and the paragraph following the preamble claim:

> A method for generating a computer application on a host system in an arbitrary object framework that separates a content of said computer application, a form of said computer application and a functionality of said computer application...

3

Attorney Docket No.: 10491-18
Serial No. 09/410,334

> creating arbitrary objects with corresponding arbitrary names of
> various object types for said generating content of said computer
> program, said form of said computer program, and said
> functionality of said computer program...

Notwithstanding the claim chart for claim 1 in the Office Action, nothing in Johnson discloses generating a computer application on a host system that separates a content...a form...and a functionality of a computer application," and "creating arbitrary objects...for generating said content...said form...and said functionality of said computer application," as claimed in the preamble and second paragraph of claim 1.

The claim chart for claim 1 for the preamble thereof refers to the title, abstract and FIGS. 11-12 of Johnson, and states that the content is represented "via the TOC page," the form is represented in the "Content Page...via the various layouts enclosed," and the functionality is represented "via the Catalog." The claim chart further states with respect to the preamble of claim 1 that, "Objects are inherently separate and Johnson's specific classes further illustrates the feature."

However, nothing in the title, abstract and/or FIGS. 11-12 of Johnson discloses a method for generating a computer application on a host system in an arbitrary object framework "that separates a content...a form...and a functionality of a computer application." For example, a disclosure in Johnson of different core classes (catalog class, content page class, TOC page class and index page class) is not a disclosure of "generating a computer application ...that separates a content...a form... and a functionality of the computer application," where one or more of the Johnson classes includes two or more of "a content...a form...and a functionality of the

4

Attorney Docket No.: 10491-18
Serial No. 09/410,334

computer application" and no set of Johnson classes separates "a content...a form...and a functionality of the computer application," as claimed in claim 1.

For example, in the Catalog class of objects in Johnson, "[t]he buildMaintain() method is invoked to initially create and subsequently maintain the catalog," (Col. 20, lns. 17-20). Thus, the buildMaintain() method is a functional method defined in the Catalog class. "The displayForInput() method displays the catalog to the user" (Col. 20, lns. 20-21), which is therefore a form method within the Catalog class. "The getFirstContentPage() method retrieves the first content page" and "[t]he methods generateTOCForStore(), generateIndexForStore(), and generateContentListForStore() each generate respective table of contents, index, and [a] content list in a format that may be stored for later use" (Col. 20, lns. 21-26). Thus, the Johnson catalog class includes both form and content of the computer application disclosed in Johnson.

Similarly, in Johnson, form is not exclusive to the ContentPage object. For example, the TOCpage class of Johnson has its own form handling methods for formatting the table of contents.

The references to Johnson in the claim 1 chart for the second paragraph of claim 1 address the issue of arbitrariness of objects in an object oriented environment, and do not indicate where Johnson allegedly discloses "creating arbitrary objects...for generating said content...said form... and said functionality of said computer program...." Similarly, the claim 1 chart for the last two paragraphs of claim 1 addresses managing and deploying objects in general, but does not indicate where Johnson allegedly discloses managing and deploying "said arbitrary objects."

5

Attorney Docket No.: 10491-18
Serial No. 09/410,334

The Office Action rejects claim 26 "via the rejections of claims 2-8." While claim 1 is directed toward a method for generating a computer application, claim 26 is directed toward a "method for generating a web site on a host system..." As the Office Action states with respect to the rejection of claim 2, Johnson does refer to online catalogs. However, similar to the method of claim 1 for generating a computer application, claim 26 claims a method that "separates a content of said web site, a form of said web site, and a functionality of said web site." As described above with respect to claim 1, Johnson does not disclose generating a web site on a host system that separates content, form and functionality of the web site, and creating arbitrary objects for generating the content, form and functionality, as claimed in the preamble and second paragraph of claim 26.

In light of the above, the Applicant believes that the §102(e) rejection of claims 1 and 26 has been traversed, and claims 1 and 26 are in a condition for allowance. Claims 2-8, 11-18, 20-21 and 25 depend from claim 1, and claims 27-40, 42-44, 50-51 and 53 depend from claim 26, and therefore those claims are each in a condition for allowance as well.

### 3. Response to Rejections of Claims 9-10, 19, 22-24, 41, 45-46, 48-49 and 52 under 35 U.S.C. §103(a).

The Office Action asserts that pending claims 9-10, 19, 22-24, 41, 45-46, 48-49 and 52 were rejected under 35 U.S.C. §103(a) as being unpatentable over Johnson in view of Gish (U.S. Patent No. 6,269,361). Claims 9-10, 19 and 22-24 depend from claim 1, and claims 41, 45-46 and 48-49 depend from claim 26. As with Johnson, Gish also does not disclose a method for generating a computer application or web site on a host system that separates content, form and functionality of the computer application or web site, and creating arbitrary objects for

6

Attorney Docket No.: 10491-18
Serial No. 09/410,334

generating the content, form and functionality thereof, as claimed in claims 1 and 26. Since, as described above with respect to the Office Action's §102(e) rejection of claims 1 and 26, the Applicant believes that the §103(a) rejection of claims 9-10, 19, 22-24, 41, 45-46, 48-49 and 52 has been traversed, and claims 9-10, 19, 22-24, 41, 45-46, 48-49 and 52 are each in a condition for allowance.[1]

## CONCLUSION

The Applicant has made an earnest and bona fide effort to clarify the issues before the Examiner and to place this case in condition for allowance. In view of the foregoing discussions, it is clear that the differences between the claimed invention and the prior art are such that the claimed invention is patentably distinct over the prior art. Further it is clear that all of the claimed inventions have been enabled. Therefore, reconsideration and allowance of all of claims 1-53 are believed to be in order, and an early Notice of Allowance to this effect is respectfully requested. If the Examiner should have any questions concerning the foregoing, the Examiner is invited to telephone the undersigned attorney at (310) 712-8311.

---

[1] Although no arguments have been advanced for the independent patentability of the subject matter of the dependent claims, the Applicant does not acquiesce in the rejection thereof for the reasons advanced in the Office Action, and reserves the right to advance appropriate arguments for patentability of those claims independent of the reasons advanced for patentability of claims 1 and 26 in this or a subsequent proceeding if the patentability or validity of claims 1 or 26 are called into question.